## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIRMAL A. VINCENT, individually ) | |
| and on behalf of a class of ) | |
| similarly situated persons ) | Civil Action No. |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| WOLPOFF & ABRAMSON, L.L.P. ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. | |

### CLASS ACTION COMPLAINT

#### Introduction

1.  This class action alleges that Defendant Wolpoff & Abramson, L.L.P., ("W & A") violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et.seq*, by assessing and seeking to collect liquidated attorneys' fees of 15% of the outstanding balance pursuant to a credit card contracts even though such liquidated fee is not authorized by that standard form contract. In the course of collecting on allegedly delinquent credit card accounts owed to MBNA America Bank N.A ("MBNA"), W&A routinely assesses and demands payment of an additional charge measured as 15% of the amount owed by each cardholder. This additional charge is purportedly for the attorneys' fees of W & A incurred in the course of collection. MBNA credit cardholders, however, never agreed to or authorized the assessment and charging of a liquidated fee of 15% for attorneys who undertake collection activities. Notwithstanding the absence of any contractual or legal authority, W & A adds this 15% fee to the

1

amounts owed by MBNA cardholders in Pennsylvania against whom W &A seeks collection. Moreover, W & A fails to disclose or otherwise misrepresents the method for assessing this 15 % charge in letters sent to and/or state court complaints served on MBNA cardholders with addresses in the Commonwealth of Pennsylvania.

2. Representative Plaintiff Nirmal A. Vincent ("Vincent") on behalf of himself and all others similarly situated, brings this action to enforce the FDCPA. The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices in connection with the collection of debts by debt collectors. Plaintiff requests that the practices of Defendant described below be declared to violate the FDCPA and that he and the class members be awarded actual and statutory damages payable by the Defendant.

## JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692 k(d), and 28 U.S.C. §§ 1331 and 1337.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendant transacts business here. A related action was previously filed in this district entitled *Bontempo v. Wolpoff & Abramson,* 06-745 (W.D Pa. )(Ambrose, J./ Mitchell, Mag. J.)

## PARTIES

5. Plaintiff Vincent resides in the Western District of Pennsylvania. Vincent is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6. Defendant W & A is a professional corporation with it principal place of business at Two Irvington Centre, 702 King Farm Boulevard, Rockville Maryland 20850.

W & A acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts throughout the Commonwealth of Pennsylvania, and was acting as a debt collector as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

7. MBNA and persons with addresses within the Commonwealth of Pennsylvania ("Pennsylvania residents") have allegedly entered into standard form credit card agreements. See Ex. 1 attached and incorporated. The credit card contracts are standardized and contain the identical contractual provisions for each such person.

8. Under the terms of these contracts, MBNA and it assignees are bound by the standard form contractual provisions.

9. In pertinent part, MBNA's standard form Agreements provide:

> **When We May Require Immediate Payment**
>
> If you are in default, we can require immediate payment of your total outstanding balance and, unless prohibited by applicable law and except as otherwise provided in the *Arbitration and Litigation* section of this Agreement, we can also require you to pay the costs we incur in any collection proceeding, *as well as reasonable attorneys' fees if we refer your account for collection to an attorney who is not our salaried employee*.

(emphasis added). Exhibit 1, page 3 of the standard form credit card agreement.

9. Many Pennsylvania residents who allegedly entered into the MBNA credit card agreements also allegedly defaulted on those agreements.

Case 2:08-cv-00423-DWA Document 1 Filed 03/27/08 Page 3 of 14

10. After a Pennsylvania resident allegedly defaults under the MBNA Agreement by nonpayment of amounts owed, MBNA, as standard practice, appoints W & A as their outside counsel for purposes of collection.

11. W & A follows standard practices in the course of collection on the defaulted MBNA Agreements.

12. In the course of this standard procedure, W & A automatically adds a charge measured as 15% of the total amount allegedly owed and then proceeds to seek collection of this additional fee as due under the MBNA contract.

13. In furtherance of its collection efforts, W & A communicates with Pennsylvania residents by a letter sent to their home or by state court complaint served on them which communications represent the amounts purportedly owed by such persons.

14. In these communications, W & A asserts that MBNA is entitled to recover a sum certain as the remaining balance due and owing under the credit card agreements including the principal amount of the debt, interest on the debt and attorneys' fees. In doing so, W & A misrepresents the character, amount or legal status of the debts allegedly owed by failing to disclose and/or misrepresenting that it is entitled to collect an additional charge measured as 15% of the amounts owed purportedly for attorneys' fees.

15. As standard practice in the correspondence and/or state court complaints, W & A either does not disclose how it calculates the assessment of attorneys' fees pursuant to the MBNA agreement; represents that the amount of attorneys' fees is based upon the actual amount of attorney time actually incurred by W & A; or otherwise fails to disclose the method it uses to calculate attorneys' fees.

16. W&A is not legally authorized to collect a 15% fee based upon the total amount owed. The MBNA contract provides for the assessment of ". . . reasonable attorneys' fees" if the account is turned over for collection to an attorney who is not an MBNA or its assignee's salaried employee. This contractual requirement for the assessment of "reasonable attorneys' fees" in the course of collection means that W & A could only seek to collect for attorney time *actually expended* in seeking to collect a debt.

17. As standard practice and procedure, W & A abrogates this agreement and implements a procedure to collect attorneys' fees, which is not based upon the attorney time actually expended, but based upon a percentage of the total amount of the debt. Rather than assess against Pennsylvania consumers the amount of time actually spent by its attorneys, W & A assesses 15% of the outstanding balance without regard to whether its attorneys spent any time or the actual time spent on the collection efforts.

### Mr. Vincent

18. Mr. Vincent allegedly entered into a credit card agreement with MBNA.

19. In pertinent part, MBNA's Agreements with Vincent provide:

**When We May Require Immediate Payment**

If you are in default, we can require immediate payment of your total outstanding balance and, unless prohibited by applicable law and except as otherwise provided under the *Arbitration and Litigation* section of this Agreement, we can also require you to pay the costs we incur in any collection proceeding, as well as reasonable attorneys' fees if we refer your account for collection to an attorney who is not our salaried employee.

20. Vincent's alleged debt was for personal, family or household purposes.

20. MBNA assigned Vincent's alleged delinquent accounts to W & A.

21. W & A began collection activities against Vincent on the alleged debt.

5

22. On or about April 9, 2007 W & A filed a complaint in the Common Pleas Court of Allegheny County. See *MBNA America Bank v. Vincent,* No. AR-07-3806, Exhibit 2 attached hereto and incorporated. This Complaint alleged that the total amount due and owing under the credit card agreement was $13, 065.36. The Complaint then stated in Paragraph 14 that "As of the filing of this Complaint, Plaintiff has incurred reasonable attorney's fees from the law office of Wolpoff & Abramson, L.L.P. in the collection of amounts due from Defendant incident to the within action, the Plaintiff shall continue to incur such attorney's fees throughout the conclusion of the proceedings."

23. The Amended Complaint then alleged at Paragraph 15 that "The amount of attorneys' fees incurred in this matter is the sum of $ 1959.80." However, the sum of $ 1959.80 is precisely 15% of the total amount due and owing of $13,056.36. (i.e. $13,056.36 x .15 = $1959.80).

24. These statements are false and misleading because they state that W & A was keeping track of and would charge its attorney time on an on-going basis as calculated on a lodestar basis, when, in fact, W & A had imposed and was seeking to collect a liquidated fee charged as 15% of the amount owed based upon the MBNA agreement.

25. W&A did not intend to demand, seek or request a recovery of its actually attorneys fees when it served the state court complaint attached as Exhibit 2.

26. On or about February 17, 2006, W & A filed an Amended Complaint in the Common Pleas Court of Allegheny County. See Amended Complaint in *MBNA America Bank v. Vincent,* No. AR-07-3806, Exhibit 3 attached hereto and incorporated. This Complaint again alleged that the total amount due and owing under the credit card

6

agreement was $13, 065.36. The Complaint then stated at Paragraph 13 that "As of the filing of this Complaint, Plaintiff has incurred reasonable attorney's fees from the law office of Wolpoff & Abramson, L.L.P. in the collection of amounts due from Defendant incident to the within action, the Plaintiff shall continue to incur such attorney's fees throughout the conclusion of the proceedings."

27. The Amended Complaint then alleged at Paragraph 14 that "The amount of attorneys' fees incurred in this matter is the sum of $ 1959.80." However, the sum of $ 1959.80 is precisely 15% of the total amount due and owing of $13,056.36. (i.e. $13,056.36 x .15 = $1959.80).

28. These statements are false and misleading because they state that W & A was keeping track of, and would charge, its attorney time on an on-going basis as calculated on a lodestar basis, when, in fact, W & A had already imposed and was seeking to collect a liquidated fee charged as 15% of the amount owed .

29. W&A did not intend to demand, seek or request a recovery of its actually incurred, reasonable attorneys fees when it served the state court complaint attached as Exhibit 3.

30. W & A abrogated the credit card agreement and implemented a procedure to *assess and to* collect attorneys' fees, which was not based upon the attorney time actually expended with respect to Mr. Vincent, but based upon a percentage of the total amount of the debt. W & A assessed Vincent 15% of the outstanding principal balance without regard to whether its attorneys spent any time on the collection efforts.

31. In the course of these collection activities, W & A failed to abide by the contractual provision providing for the collection of reasonable attorneys' fees incurred in the process of collection

## CLASS ACTION ALLEGATIONS

32. This class action is filed pursuant to Fed.R.Civ.P. Rules 23(a) and 23(b)(1), (b)(2) and (b)(3). Representative Plaintiff seek the certification of (a) All natural persons with addresses in the Commonwealth of Pennsylvania (b) who allegedly entered into consumer credit card agreements with MBNA America Bank; (c) as to whom W & A undertook collection by mailing correspondence or filing suit (d) as to whom W & A assessed, demanded and/or charged a percentage of the amounts allegedly owed as attorneys' fees (e) in connection with the collection of a debt for personal family or household purposes (e) on or after one year prior to filing of *Bontempo v. Wolpoff & Abramson,* 06-745 (W.D Pa. ) less the number of days between January 15, 2008 and the date of filing of this action.

33. The claims of the defined class were tolled upon the filing of the action in *Bontempo v. Wolpoff & Abramson,* 06-745 (W.D Pa. ) on June 7, 2006 until January 15, 2008 when the court denied class certification based upon the inadequacy of the class representative.

### Numerosity

34. The proposed Class is so numerous that it is impracticable to bring all persons before the Court. The exact numbers of the members of the class are unknown, but they are believed to include well over 1,000 persons each. The exact number and identity of these persons can be determined from the records maintained by W & A. In

8

many instances, class members either are unaware that claims exist or have sustained individual damages too small to justify the costs of bringing suit separately. When aggregated, however, individual damages are large enough to justify this class action.

### Predominance and Commonality

35. The questions of law and fact common to the claims of each class member overwhelmingly predominate over any question of law or fact affecting only individual members of the class. Questions of law and fact common to the Class include, but are not necessarily limited to, the following:

    A.    Do the MBNA Agreements authorize W & A to assess attorneys' fees as a percentage of the outstanding amount owed?

    B.    Does W & A's practice of assessing attorneys' fees as a percentage of the outstanding balance constitute a violation of the FDCPA?

    C.    How does W & A account for the time expended by its attorneys' and paralegals?

    D.    What are W&A's policies, practices and procedures with respect to the assessment, charging, requesting and collection of attorneys' fees pursuant to the MBNA contracts?

    E.    When communicating with members of the class in writing by letter or state court complaint, does W & A misrepresent the method and authorized basis for assessing and calculating attorneys' fees in violation of the FDCPA?

    D.    Do W&A's written communications by letter or in state court complaints with the class fail to disclose material information about the amount and proper method for assessing attorneys' fees in violation of the FDCPA?

**Typicality**

36. Representative Plaintiff's claims are typical of absent class members' claims. Plaintiff and the Class have sustained identical damages, and their claims arise from an identical factual background and identical legal theories as set forth in this Complaint.

**Adequacy of Representation**

37. Representative Plaintiff will assure the adequate representation of all members of the respective class. Their claims are typical of the class's claims. He has no conflict with class members in the maintenance of this action, and his interest in this action is antagonistic to Defendant's interests.

38. Plaintiff's interests are coincident with, and not antagonistic to, absent class members' interest because by proving his individual claims he will necessarily prove Defendant's liability as to the Class's claims.

39. The Plaintiff is also cognizant of and determined to faithfully discharge his fiduciary duties to the absent class members as a Class Representative. He will vigorously pursue the classes' claims. He is aware that he cannot settle this action without Court approval. Representative Plaintiff has and/or can acquire the financial resources to litigate this action.

40. Undersigned counsel, Pietz Law Office LLC and Jeffery L. Suher, P.C., are experienced in litigating class actions and have handled many such actions in the state and federal courts for and on behalf of other consumers. Counsel is handling this case on a contingent basis and will receive compensation for professional services only as awarded by this Court.

**Superiority**

41. A class action provides for a fair and efficient method of adjudicating this controversy. The substantive claims of the Representative Plaintiff and the class members will require evidentiary proof of the same kind and application of the same law since Defendant has treated all class members in a similar and/or identical manner. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation effectively makes it impossible for individual Class Members to seek redress for the wrongs complained of herein.

**Manageability**

42. There are no known unusual legal or factual issues that would cause management problems not normally and routinely handled in class actions, and because damages may be calculated with mathematical precision, the cost of administering the class fund will be minimized. Because Class Members may be unaware that their rights have been violated or, if aware, would be unable to litigate their claims on an individual basis because of their relatively small damages, a class action is the only practical proceeding.

**COUNT I**
**Violation of §§ 1692f and 1692f(1) of the FDCPA Against W & A**
**Use of unfair or unconscionable means to collect**

43. Plaintiff realleges and incorporates ¶¶ 1 to 42 above as if fully set forth herein.

44. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, including but not

limited to, the collection of any amount (including any interest fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement or permitted by law. 15 U.S.C. § 1692f(1).

45. Defendant violated §§ 1692f and 1692f(1) by seeking to collect a debt from Plaintiff that was not expressly authorized by an agreement or permitted by law.

46. Defendant's violation of 1692f and 1692f(1) renders it liable for actual and statutory damages, costs and attorneys' fees. *See* 15 U.S.C. § 1629k.

### COUNT II
### Violation of §1692e, § 1692e(2)(a) & B and § 1692e(10) of the FDCPA
### Against W & A
### Making False, Deceptive Or Misleading Representations

47. Plaintiff realleges and incorporates ¶¶ 1 to 42 above as if fully set forth herein.

48. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of a debt, including but not limited to, the false representation of the character, amount or legal status of any debt and the false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. 15 U.S.C. §§ 1692e(2)(A) & (B).

49. Section 1692e(10) prohibits the use of any false representation to collect or attempt to collect a debt or to obtain information concerning the consumer. 15 U.S.C. § 1692e(10).

50. Defendant W & A violated § 1692e, § 1692e (2)(A) and (B) and § 1692e(10) by falsely representing the amounts and legal status of the debts purportedly owed by Plaintiff; the services rendered by W & A; and the nature of the MBNA

12

Agreements in letters and/or complaints filed by Defendant in the Pennsylvania Common Pleas Court.

51. Defendant's violation of 1692e, 1692e(2)(A) and (B) § 1692e(10) renders it liable for actual and statutory damages, costs and attorneys' fees. *See* 15 U.S.C. § 1629k.

### REQUEST FOR RELIEF

Plaintiff, prays that this Court:

1. Declare that Defendant's debt collection tactics violate the FDCPA;

2. Enter judgment in favor of the Plaintiff Classes, and against W & A, for actual damages, statutory damages, costs and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA.

3. Grant such further relief as deemed just.

**A JURY TRIAL IS DEMANDED**

Dated: March 27, 2008                Respectfully Submitted:

By:   /s/ James M. Pietz _____

James M. Pietz
Pa I.D. No. 55406
Pietz Law Office LLC
Mitchell Building
304 Ross Street, Suite 700
412-288-4333
jpietz@jpietzlaw.com

Jeffrey L. Suher, P.C.
Pa. I.D. No. 74924
4328 Old William Penn Highway, Suite 2J
Monroeville, PA 15146
412-374-9005 and 412-374-0799 fax
lawfirm@jeffcanhelp.com

13

Case 2:08-cv-00423-DWA Document 1 Filed 03/27/08 Page 14 of 14

14